# IN THE COURT OF APPEALS OF IOWA

No. 18-1925
Filed June 5, 2019

**IN THE INTEREST OF A.W., H.D., J.D., and L.D.,**
**Minor Children,**

**B.D., Mother,**
　　Appellant,

**H.D., Father,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Taylor County, Monty Franklin, District Associate Judge.


　　A mother of four children and the father of the youngest three children separately appeal orders terminating their parental rights.  **AFFIRMED ON BOTH APPEALS.**


　　Kevin Hobbs, West Des Moines, for appellant mother.

　　Shane P. O'Toole, Des Moines, for appellant father.

　　Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

　　Andrew J. Zimmerman of Nielsen & Zimmerman, PLC, Corning, attorney and guardian ad litem for minor children.


　　Considered by Vogel, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

A mother of four children, born in 2008, 2011, 2012, and 2013, and the father of the youngest three children, separately appeal orders terminating their parental rights. The mother contends the State failed to prove the grounds for termination cited by the district court. In that context, she argues the department of human services did not make reasonable efforts to reunite her with the children and the children were bonded to her. The father contends termination is not in the children's best interests. Under that rubric, he challenges the efforts made by the department to reunify him with the children and argues he worked to maintain a strong bond with them.

## I. *Mother*

The district court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(e), (f), and (*l*) (2018). We may affirm if we find clear and convincing evidence to support any of the grounds for termination. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). On our de novo review, we focus on subsection (f), which requires proof of several elements, including proof the children could not be returned to the parent's custody.

The department became involved with the family in 2016 following allegations of domestic violence and methamphetamine use within the household. The State filed a petition to have the children adjudicated in need of assistance. The district court granted the petition and allowed the children to remain with the mother, under the department's supervision.

The mother tested positive for methamphetamine while the children were in her care. In 2017, all four children were removed from the mother's custody and

were placed with the father of the oldest child, where they remained through the termination hearing seventeen months later.

According to the department social worker assigned to the case, the mother did not consistently engage in reunification services. For example, from December 12, 2016 through June 12, 2018, the department "requested 35 random drug screens" and the mother only "completed 11." Of those eleven, nine "were positive for methamphetamine." Similarly, the mother was afforded four supervised visits with her children each month but only attended "one or two." The social worker characterized her bond with the children as "strained." She testified that reunification services were "exhausted."

We recognize the mother moved to another part of the State approximately five months before the termination hearing and the full panoply of services previously afforded by the department did not follow her. But the mother's participation was sporadic even before the move. The social worker opined that, as of the termination hearing in August 2018, the mother was in no better position to safely parent her children than she was when the case opened in 2016.

We agree with the district court that the children could not be returned to the mother's custody. We affirm the termination of the mother's parental rights under Iowa Code section 232.116(1)(f).

## II. *Father*

The district court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(e), (f), and (*l*). Although the father claims in passing that the State did not prove he had a severe substance-abuse disorder as required by subsection (*l*), he does not formally challenge the evidence supporting the grounds

for termination. To the extent his appeal can be read as a challenge to the grounds for termination, we focus on section 232.116(1)(f).

Before the department filed a child-in-need-of-assistance petition, the father of the youngest three children was arrested and charged with third-degree sexual abuse of an unrelated child. He was ultimately convicted of the charge and transitioned from jail to prison. At the time of the termination hearing, he remained in prison. He testified to a discharge date of April 2, 2021 and admitted the soonest he could be paroled was a year and a half after the termination hearing. Accordingly, he was in no position to have the children returned to his custody and section 232.116(1)(f) is satisfied.

We turn to the father's argument that termination is not in the children's best interests *See* Iowa Code § 232.116(2). "[T]he interests of the child take precedence over family reunification." *In re L.T.*, 924 N.W.2d 521, 529 (Iowa 2019). "[T]he child's health and safety are paramount and conditions precedent to these [reunification] efforts." *Id.*

The father admitted to using methamphetamine while caring for the children. He further admitted the last time he saw his children was on September 6, 2016, and his only communication with them after that point was by letter. Although he testified to requesting visits during the child-in-need-of-assistance proceeding, the department social worker stated the jail did not permit visits and the prison disallowed any contact beyond correspondence pending completion of a sex-offender-treatment program. At the time of the termination hearing, the father remained on a waiting list for the program. We conclude the father was not in a position to ensure the safety of his children in the imminent or long-term future.

The father also argues his parental rights should not have been terminated based on the bond he shared with the children. The argument implicates the exception to termination set forth in section 232.116(3)(c).

Although the department social worker testified the children once shared a close bond with their father and the record reflects they were excited to receive his correspondence, the fact remained that he had no personal interaction with them for almost two years and the prospect of reengaging with them in the near term was slim. We conclude the district court appropriately refused to grant an exception to termination based on the closeness of the parent-child relationship.

We affirm the termination of the father's parental rights to his three children.

**AFFIRMED ON BOTH APPEALS.**